IN THE CIRCUIT COURT, TWENTIETH
JUDICAL CIRCUIT, IN AND FOR
LEE COUNTY, FLORIDA

WILLIAM KNUDSEN

     Plaintiffs,

v.                           Case No.:

JOHNSON & JOHNSON and
ETHICON, INC. and
     Defendants.

_____/

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, the Plaintiff, WILLIAM KNUDSEN, by and through the undersigned attorney, Jonathan Rotstein, Esquire, and hereby files sues Defendants, JOHNSON & JOHNSON, a New Jersey, Corporation and ETHICON, INC., a Texas Corporation, and in support thereof states and alleges as follows:

### FACTS

1.     This is an action for money damages exceeding Fifteen Thousand Dollars ($15,000.00).

2.     That the Plaintiff, WILLIAM KNUDSEN, was at all times material hereto, a citizen and resident of the State of Florida.

3.     Defendant, JOHNSON & JOHNSON is a Foreign corporation, conducting business in the State of Florida, in this instance in Lee County, Florida, as the product manufactured by Defendant, on the date of the incident which is the subject matter of this complaint, was being sold and used in Lee County, Florida.

1

4.     At all times material hereto, the Defendant, JOHNSON & JOHNSON manufactured, developed and placed in the stream of commerce a product known as Prolene Mesh, and on information and belief, said entity did business in the State of Florida, and developed, manufactured, distributed and sold said product in the County of Lee, State of Florida.

5.     Upon information and belief, the Plaintiff, WILLIAM KNUDSEN, herein alleges the Defendant, JOHNSON & JOHNSON. has transacted business in the State of Florida during the relevant time periods, including, but not limited to sales, delivery, promotion and/or distribution of Prolene Mesh individually.

6.     Defendant, ETHICON, INC.. is a Foreign corporation and wholly owned subsidiary of Defendant, Johnson & Johnson, conducting business in the State of Florida, in this instance in Lee County, Florida, as the product manufactured by Defendant, on the date of the incident which is the subject matter of this complaint, was being sold and used in Lee County, Florida.

7.     At all times material hereto, the Defendant, ETHICON, INC. manufactured, developed and placed in the stream of commerce a product known as Prolene Mesh and on information and belief, said entity did business in the State of Florida, and developed, manufactured, distributed and sold said product in the County of Lee, State of Florida.

8.     Upon information and belief, the Plaintiff, WILLIAM KNUDSEN, herein alleges the Defendant, ETHICON, INC. has transacted business in the State of

2

Florida during the relevant time periods, including, but not limited to sales, delivery, promotion and/or distribution of Prolene Mesh, individually.

9.      This Honorable Court has jurisdiction over this lawsuit in that there is diversity between the Plaintiff and the Defendants, the  discovery of the injuries complained of occurred in Lee County, Florida, and that this action is for money damages for the Plaintiff, WILLIAM KNUDSEN, that exceed Fifteen Thousand Dollars ($75,000.00) against Defendants, JOHNSON & JOHNSON and  ETHICON, INC.

10.      That prior to and on July 22, 2019, Plaintiff had numerous surgeries in an attempt to repair hernias that used Prolene Mesh, which was manufactured by Defendants, JOHNSON & JOHNSON and ETHICON, INC.

11.      That subsequent to the surgeries performed on December 19, 2007 and October 15, 2008 in which the Prolene Mesh was implanted into Plaintiff, Plaintiff began to feel pain, swelling, tearing and other symptoms associated with defective mesh.

12.      That subsequent to the surgeries there have been numerous complaints and potential re-calls of the Mesh Products manufactured and/or distributed by Defendant's JOHNSON & JOHNSON and ETHICON, INC.

## COUNT I

### NEGLIGENT MANUFACTURE AGAINST JOHNSON & JOHNSON

13.      Plaintiff adopts and re-allege paragraphs 1 through 12.

14.      Defendant, JOHNSON & JOHNSON had a duty to properly manufacture the Prolene Mesh.

3

15.    Defendant, JOHNSON & JOHNSON was negligent as follows:

a.    Failure to use reasonable care which resulted in manufacture and distribution of an unsafe product.

b.    Failure to use reasonable care in manufacture of its product to eliminate unreasonable risk of foreseeable injury, replacement risk of foreseeable injury, replacement and additional surgery.

c.    Failure to properly manufacture the product according to its intended use.

16.    As a direct and proximate result of the negligence on the part of Defendant, JOHNSON & JOHNSON, Plaintiff, WILLIAM KNUDSEN suffered great bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life, aggravation of a pre-existing condition, expense of hospitalization and medical and nursing care and treatment.

17.    Plaintiff's losses are either permanent or continuing and will continue in the future.

Wherefore, Plaintiff, WILLIAM KNUDSEN, demands judgment for damages, costs and interest as permitted by law.

## COUNT TWO

## STRICT LIABILITY IN THE MANUFACTURE AGAINST JOHNSON & JOHNSON

18.    Plaintiff adopts and re-allege paragraphs 1 through 12.

4

19   The Prolene Mesh described herein is a manufactured product.

20.   Defendant, JOHNSON & JOHNSON. was the manufacturer and distributer of the Prolene Mesh placed inside the Plaintiff's body.

21.   The Prolene Mesh was defective in manufacture for its prescribed and intended use as it failed to repair the hernia and caused inflection and pain and additional surgeries to Plaintiff

22.   Such defect was not reasonably noticeable to the user so as to warrant avoidance of use.

23.   The Prolene Mesh placed in Plaintiff's body was defective and unreasonably dangerous condition at the time the products caused Plaintiff to have pain, inflection, re-incurrence of the hernia and undergo additional surgeries.

24.   As a direct and proximate result of the defective and unreasonably dangerous condition of the Prolene Mesh did not work properly, causing injuries, pain, re-incurrence and damages to the Plaintiff.

25.   As a direct and proximate result of the defective and unreasonably dangerous condition of the Prolene Mesh, the Plaintiff suffered great bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life, aggravation of a pre-existing condition, expense of hospitalization, medical and nursing care and treatment.

Wherefore, Plaintiff, WILLIAM KNUDSEN, demands judgment against the Defendant, JOHNSON & JOHNSON. for damages, costs and interest as permitted by law.

5

## COUNT 3
## NEGLIGENT MANUFACTURE AGAINST ETHICON, INC.

26.     Plaintiff adopts and re-allege paragraphs 1 through 12.

27.     Defendant, ETHICON, INC. had a duty to properly manufacture the Prolene Mesh.

28.     Defendant, ETHICON, INC. was negligent as follows:

a.     Failure to use reasonable care which resulted in manufacture and distribution of an unsafe product.

b.     Failure to use reasonable care in manufacture of its product to eliminate unreasonable risk of foreseeable injury, replacement risk of foreseeable injury, replacement and additional surgery.

c.     Failure to properly manufacture the product according to its intended use.

29.     As a direct and proximate result of the negligence on the part of Defendant, ETHICON, INC., Plaintiff, WILLIAM KNUDSEN suffered great bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life, aggravation of a pre-existing condition, expense of hospitalization and medical and nursing care and treatment.

30.     Plaintiff's losses are either permanent or continuing and will continue in the future.

Wherefore, Plaintiff, WILLIAM KNUDSEN, demands judgment for damages, costs and interest as permitted by law.

6

## COUNT FOUR

### STRICT LIABILITY IN THE MANUFACTURE AGAINST ETHICON, INC.

31.     Plaintiff adopts and re-allege paragraphs 1 through 12.

32      The Prolene Mesh described herein is a manufactured product.

33.     Defendant, ETHICON, INC. was the manufacturer and distributer of the Prolene Mesh placed inside the Plaintiff's body.

34.     The Prolene Mesh was defective in manufacture for its prescribed and intended use as it failed to repair the hernia and caused inflection and pain, re-incurrence of the hernia and additional surgeries to Plaintiff

35.     Such defect was not reasonably noticeable to the user so as to warrant avoidance of use.

36.     The Prolene Mesh placed in Plaintiff's body was defective and unreasonably dangerous condition at the time the products caused Plaintiff to have pain, inflection, re-incurrence of hernia and undergo additional surgeries.

37.     As a direct and proximate result of the defective and unreasonably dangerous condition of the  Prolene Mesh did not work properly, causing injuries, pain and damages to the Plaintiff.

38.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Prolene Mesh the Plaintiff suffered great bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life, aggravation of a pre-existing condition, expense of

7

hospitalization, medical and nursing care and treatment of the Prolene Mesh Plaintiff suffered great bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life, aggravation of a pre-existing condition re-incurrence of the hernia, expense of hospitalization, medical and nursing care and treatment.

Wherefore, Plaintiff, WILLIAM KNUDSEN, demands judgment against the Defendant, ETHICON, INC. for damages, costs and interest as permitted by law.

Dated this 4th day of May, 2020

Jonathan I. Rotstein, Esquire
Law Office of Rotstein & Shiffman, LLP
309 Oakridge Blvd., Suite B
Daytona Beach, FL 32118
Florida Bar No. 909580
(386) 252-5560 / (386) 238-6999 fax (ddw)
Primary: L.Bonner@rotstein-shiffman.com
Secondary: M.Otto@rotstein-shiffman.com
T.DallaRosa@rotstein-shiffman.com
Attorney for Plaintiff

8