UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM KNUDSEN,

    Plaintiff,

v.                                    Case No: 2:20-cv-927-FtM-38MRM

ETHICON, INC. and JOHNSON
AND JOHNSON,

    Defendants.
_____/

## ORDER[1]

Before the Court is Defendants Ethicon, Inc. and Johnson and Johnson's (together, "Ethicon") Motion to Dismiss (Doc. 26) and Plaintiff William Knudsen's response in opposition (Doc. 30). The Court grants the Motion.

## BACKGROUND[2]

This is a products liability case. Ethicon makes and sells medical mesh (the "Mesh"). The Mesh is supposed to be permanent. Knudsen had two surgeries, which implanted the Mesh to repair hernias. About ten years later,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] These are the facts alleged in the operative Complaint (Doc. 25), accepted as true and viewed most favorably to Knudsen. *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1210 (11th Cir. 2020).

Knudsen had another hernia operation. During that surgery, doctors did not find any evidence of the Mesh.

Knudsen sued for manufacturing defects under a negligence theory (Counts 1 and 3) and breach of implied warranty (Counts 2 and 4). Now, Ethicon moves to dismiss.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

To start, the parties apparently agree Michigan substantive law controls. So the Court applies that law. *See Grupo Televisa, S.A. v. Telemundo Comms. Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007); *Chapman v. DePuy Orthopedics, Inc.*, 760 F. Supp. 2d 1310, 1313-14 (M.D. Fla. 2011). And the

2

Court will not address Ethicon's alternative arguments made under Florida law.

With choice of law resolved, the Court turns to the merits.

Up first is the manufacturing defect (Counts 1 and 3). These claims are "analyzed very differently than an allegation of a design defect."[3] *Johnson v. Black & Decker (U.S.), Inc.*, 408 F. Supp. 2d 353, 357 (E.D. Mich. 2005). To establish a manufacturing defect claim in Michigan, plaintiff must show "1) the product was defectively manufactured, 2) the product reached the plaintiff in the same condition as it was when it left the manufacturer and 3) the defect was the proximate cause of the person's injuries or damages." *Hammons v. Icon Health & Fitness*, 616 F. Supp. 2d 674, 681 (E.D. Mich. 2009). "In the case of a 'manufacturing defect,' the product may be evaluated against the manufacturer's own production standards, as manifested by that manufacturer's other like products." *Prentis v. Yale Mfg. Co.*, 365 N.W.2d 176, 182 (Mich. 1984). A claim for a manufacturing defect "necessitates examination of the product itself rather than the manufacturer's conduct." *Gregory v. Cincinnati Inc.*, 538 N.W.2d 325, 329 n.10 (Mich. 1995). "In other words, a manufacturing defect alleges that a product's defect or malfunctioning was caused by some imprecision in the manufacturing process, rather than

---

[3] Knudsen does not allege negligent design defect, which is a separate cause of action. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 613-14 (E.D. Mich. 2001).

from any negligent conduct of the manufacturer in designing the product." *Johnson*, 408 F. Supp. 2d at 357.

Knudsen says because the Mesh disappeared, he stated a defect attributable to Ethicon. But that alone is not enough for the claim raised. He must allege a defect in Ethicon's manufacturing of the Mesh implanted (i.e., it didn't conform to Ethicon's own standards). See *Johnson*, 408 F. Supp. 2d at 357 (rejecting plaintiff's manufacturing defect claim based solely on fact that product malfunctioned); *Swartz v. Proctor & Gamble Mfg. Co.*, No. 16-cv-12396, 2018 WL 2239558, at *6 (E.D. Mich. May 16, 2018) ("But, a product's malfunction alone is insufficient to support a manufacturing defect claim." (cleaned up)).[4] Without such allegations, the Motion is granted on that basis.

Next, Ethicon contends the breach of implied warranty claims (Counts 2 and 4) should be dismissed for two reasons.

First, Ethicon argues Knudsen did not provide notice required by the Michigan Uniform Commercial Code ("UCC"). Knudsen responds the UCC is inapplicable. Neither side provides clear authority for their positions. But without definitively deciding the issue, the Court agrees with Knudsen.

---

[4] *See also Auto Club Grp. Ins. v. All-Glass Aquarium Co.*, 716 F. Supp. 2d 686, 694 (E.D. Mich. 2010) (granting summary judgment because plaintiff failed "to identify a specific defect in the [product] or a fault in the manufacturing process"); (Doc. 26 at 5-8) (collecting cases).

4

In support, Ethicon cites three cases. But those are all run-of-the-mill cases involving a buyer suing a seller for the sale of goods. Knudsen did not buy the Mesh from Ethicon. Rather, a doctor implanted the Mesh during a medical procedure. So it is unclear Knudsen is a "buyer" and Ethicon a "seller" under the UCC subsection relied on. *See* M.C.L. § 440.2607(3)(a) (A "buyer must . . . notify the seller of breach."), *id.* at § 440.2103(1)(a), (c) ("'Buyer' means a person who buys or contracts to buy goods. . . . 'Seller' means a person who sells or contracts to sell goods.").

Even if Knudsen were a buyer and Ethicon a seller, it is doubtful the UCC would cover receipt of the Mesh. The UCC applies to "transactions in goods." M.C.L. § 440.2102. Knudsen received the Mesh from a doctor during an operation. So if anything, his receipt was probably a transaction for services under Michigan law. *See Leith v. Henry Ford Hosp.*, No. 211008, 2000 WL 33420641, at *4-5 (Mich. Ct. App. May 16, 2000).

Thus, the Court disagrees with Ethicon in this regard. But it could revisit the ruling later if Ethicon raises new authority.

Second, leaving notice aside, Ethicon argues the implied breach of warranty claim fails because Knudsen did not identify a defect. The Court believes this is a closer call than the manufacturing defect above. Yet Knudsen did not respond to Ethicon's Motion on this issue. So it will be granted with leave to refile.

Even though they sometimes require the same proof, negligent manufacturing and design are distinct from breaches of implied warranty. *Kenkel v. Stanley Works*, 665 N.W.2d 490, 496 (Mich. Ct. App. 2003). It is unclear whether Knudsen bases his warranty claim on a manufacturing or design defect. *See McClarty v. C.R. Bard Inc.*, No. 4:14-CV-13627-TGB-RSW, 2020 WL 6075520, at *8-9 (E.D. Mich. Oct. 15, 2020). And that distinction is relevant in Michigan. *E.g.*, *Johnson*, 408 F. Supp. 2d at 358. So on repleading, Knudsen should take care to make the theories he relies on clear.

In sum, the Court grants the Motion. The Complaint is dismissed without prejudice. Knudsen requested the chance to amend, and the Court cannot say an amendment would be futile. So the Court grants leave to amend.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss Amended Complaint (Doc. 26) is **GRANTED**.

2. The Complaint (Doc. 25) **DISMISSED without prejudice**.

3. Plaintiff must **FILE** an amended complaint **on or before February 18, 2021**. **The failure to file a timely amended complaint will result in the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 4, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

7