UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM KNUDSEN,

    Plaintiff,

v.                               Case No: 2:20-cv-927-SPC-MRM

ETHICON, INC. and JOHNSON
AND JOHNSON,

    Defendants.
_____/

## ORDER[1]

Before the Court is Defendants Ethicon, Inc. and Johnson and Johnson's Motion to Dismiss (Doc. 36). Plaintiff William Knudsen responded (Doc. 37) and Defendants replied (Doc. 40). The Court grants the Motion (Doc. 36) and dismisses the Second Amended Complaint (Doc. 33) with prejudice.

## BACKGROUND

This is a products liability case. Defendants make and sell medical mesh. Defendants market the mesh as a nonabsorbable, permanent mesh. Defendants' mesh was implanted in Knudsen during two hernia surgeries. About ten years later, Knudsen had a third hernia operation. Despite the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

alleged permanence of the mesh, doctors did not find evidence of the previously implanted mesh during the third surgery.

Knudsen sues Defendants for failure to warn (Counts 1 and 3) and breach of implied warranty (Counts 2 and 4). Defendants move to dismiss the Second Amended Complaint (Doc. 33) under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). But acceptance of a complaint's allegations is limited to well-pled allegations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). Dismissal with prejudice is appropriate when amendment

2

would be futile. See *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).

## DISCUSSION

The parties do not dispute that Michigan law governs. The Court therefore applies Michigan law. See *Chapman v. DePuy Orthopedics, Inc.*, 760 F. Supp. 2d 1310, 1313–14 (M.D. Fla. 2011) (applying Virginia law when the product was delivered in Virginia and all significant medical services were rendered in Virginia).

Knudsen concedes that the learned intermediary doctrine precludes his claims for failure to warn (Counts 1 and 3). (Doc. 37 at 1). So the Court dismisses those claims with prejudice. The only claims at issue are the implied warranty claims in Counts 2 and 4.

Defendants first argue that Knudsen failed to provide the required pre-suit notice. This argument relies on the application of Michigan's version of the Uniform Commercial Code ("UCC"). M.C.L. § 440.1101, *et seq.* Courts in Michigan have applied the UCC to a breach of warranty claim against an implant medical device manufacturer. *See, e.g.*, *Hill v. Bayer Corp.*, No. 19-CV-12198, 2020 WL 5367334, at *8 (E.D. Mich. Sept. 8, 2020) (applying Michigan's version of the UCC to express warranty claim involving implanted birth control device). Knudsen has provided no convincing authority for why the UCC does not apply.

Application of the UCC turns on "whether [the] predominant factor, [the] thrust, [the] purpose, reasonably stated, is the rendition of service, with goods incidentally involve . . . or is a transaction of sale, with labor incidentally involved . . . ." *Neibarger v. Universal Coops., Inc.*, 486 N.W.2d 612, 621 (Mich. 1992). If the thrust of the transaction is a sale of goods, then the UCC governs. *See id.*

Here, Defendants did not provide a service to Knudsen. They make and market medical mesh. Knudsen is not suing the medical provider who implanted the mesh. The thrust of this case is an alleged defect in the hernia mesh Defendants manufactured—a good. So the Court finds that the UCC applies to the transaction at issue—the sale of hernia mesh manufactured by Defendants.

Because the UCC applies, Knudsen must provide Defendants with notice of the alleged breach of implied warranty before suing. M.C.L. § 440.2607(3)(a). Section 440.2607(3)(a) bars a buyer, such as Knudsen, from any remedy when he does not provide notice of breach within a reasonable time. *Id.* Knudsen apparently does not contest that he has not complied with section 440.2607. (Doc. 37). And the Second Amended Complaint (Doc. 33) does not allege that he provided the requisite pre-suit notice. So his claims for breach of implied warranty must be dismissed. *See, e.g.*, *Reid v. Gen. Motors LLC*, No. 19-13018, 2020 WL 5819579, at *5 (E.D. Mich. Sept. 30, 2020)

4

(dismissing breach of warranty claims with prejudice and finding failure to provide adequate notice before litigation barred claims under M.C.L. § 440.2607(3)(a)); *Johnston v. PhD Fitness, LLC*, No. 16-cv-14152, 2018 WL 646683, at *4 (E.D. Mich. Jan. 31, 2018) (dismissing breach of warranty claims for failure to provide pre-suit notice and noting that filing suit is a remedy and therefore is also barred by M.C.L. § 440.2607(3)(a)). Without pre-suit notice, amendment is futile.

Furthermore, Knudsen has failed to plead a safer alternative design. In Michigan, "the elements of proof for a breach of implied warranty claim are the same as those required in a negligence claim." *McClarty v. C.R. Bard Inc.*, No. 4:14-CV-13627-TGB-RSW, 2020 WL 6075520, at *8 (E.D. Mich. Oct. 15, 2020). When, as here, a claim is based on design defect, a plaintiff must show a "feasible alternative production practice was available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users." M.C.L. § 600.2946(2); *Gregory v. Cincinnati Inc.*, 538 N.W.2d 325, 329 (Mich. 1995). Knudsen appears to assert that the mesh's design was defective due to the use of polypropylene. But Knudsen does not identify any alternative. Knudsen does not allege facts beyond a speculative level that Defendants caused the alleged injury. The claim is therefore dismissed. *See Barnes v. Medtronic, PLC*, No. 2:17-cv-14194, 2019 WL 1353880, at *2 (E.D. Mich. Mar. 26, 2019) (dismissing breach of

implied warranty claim because the plaintiff's allegations did not raise above a speculative level the defect claim attributable to mesh implant manufacturer).

The Court finds that Knudsen has failed to satisfy a condition precedent to his claims and does not properly plead a claim for breach of implied warranty. Dismissal is appropriate.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. 36) is **GRANTED**.

1. The Second Amended Complaint (Doc. 33) is **DISMISSED with prejudice**.

2. The Clerk is **DIRECTED** to enter judgment dismissing the case with prejudice, terminate all deadlines and motions, and **CLOSE** the file.

**DONE** and **ORDERED** in Fort Myers, Florida on April 19, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

6